# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| SEVARA KHABIBULLAEVA; | ) | |
| FARHOD SULTONOV, | ) | |
| 6805 Kenfig Drive | ) | |
| Falls Church, VA 22042 | ) | |
| | ) | |
| Plaintiff(s) | ) | Civil Action No |
| | ) | |
| v. | ) | |
| | ) | |
| ALEJANDRO MAYORKAS, in his official | ) | |
| capacity, Secretary, U.S. Department of | ) | |
| Homeland Security; | ) | |
| UR M. JADDOU, in her official capacity, | ) | |
| Director, U.S. Citizenship and Immigration | ) | |
| Services; | ) | |
| 2707 Martin Luther King Jr. Ave, SE | ) | |
| Washington, DC 20528-0485 | ) | |
| | ) | |
| MERRICK B. GARLAND, in his official | ) | |
| capacity, Attorney General, Office of Attorney | ) | |
| General, U.S. Department of Justice; | ) | |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530-0001 | ) | |
| | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| | ) | |

_____

## PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Charles J. Homiller, Jr., Attorney for Plaintiff, HOMILLER LAW FIRM, 13801 Village Mill

Drive, Suite 205, Midlothian, Virginia, 23114. PH: (804) 608-5228, Facsimile: (804) 299-5199,

Email: charles@homillerlawfirm.com.

## INTRODUCTION

COME    NOW    SEVARA    KHABIBULLAEVA    (hereinafter    "Plaintiff KHABIBULLAEVA" or collectively "Plaintiffs") and FARHOD SULTONOV (hereinafter "Plaintiff SULTONOV" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1.      Plaintiff KHABIBULLAEVA is the U.S. citizen spouse of Plaintiff SULTONOV, a citizen of Uzbekistan. On January 18, 2017, Plaintiff KHABIBULLAEVA lawfully filed Form I-130, Petition for Alien Relative ("Petition") with the United States Citizenship and Immigration Service for her spouse to become a permanent resident of the United States. On May 9, 2017, Plaintiff SULTONOV timely, completely, and lawfully filed Form I-485, Application to Register Permanent Residence or Adjust Status, to apply for the resulting benefit from her spouse's Form I-130 Petition. On March 20, 2018, Plaintiff KHABIBULLAEVA's Form I-130 Petition for Alien Relative was approved.

2.      This action is brought as a result of Defendants' failure to adjudicate Plaintiff SULTONOV's Form I-485, Application to Register Permanent Residence or  Adjust  Status, within a reasonable period of time. The Application has been in pending status for a total period of over two years and eight months (over 32 months or 995 days) without any resolution. Plaintiff SULTONOV has a clear right to the adjudication of his Application within a timely manner. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

3.      The delay in making a decision on Plaintiff SULTONOV's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

4.    Defendants cannot reasonably use COVID-19 as a defense to their failure to adjudicate the Application as most, if not all, USCIS Field Offices are fully operational at this time and conducting in person interactions; as such, COVID-19 related issues do not prohibit an officer's ability to adjudicate the Application.

5.    Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq.  As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

## PARTIES

6.    Plaintiff SEVARA KHABIBULLAEVA is a resident of Fairfax County. Virginia, and a U.S. citizen. She is the petitioner of an approved Form I-130, Petition for Alien Relative, which was filed with USCIS, naming her spouse, Plaintiff SULTONOV, as the beneficiary. (WAC1790178604).

7.    Plaintiff  FARHOD SULTONOV is a resident of Fairfax County, Virginia, and a citizen of Uzbekistan.  He is the beneficiary of an approved Form I-130, Petition for Alien Relative, filed by her U.S. Citizen spouse, Plaintiff KHABIBULLAEVA. The approved Form I-130 allows beneficiary qualification for Plaintiff SULTONOV to adjust his status to a permanent resident of the United States. Plaintiff  SULTONOV is also the applicant of Form I-485, Application to Register Permanent Residence or  Adjust  Status. (MSC1791269712).

8.    Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

3

9.      Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

10.     Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

12.     Venue is proper in the District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiffs reside, and no real property is at issue in the instant case.

## EXHAUSTION OF REMEDIES

13.     Plaintiff SULTONOV has repeatedly requested the Defendants to make a final decision on his Form I-485 Application.  Furthermore, Plaintiff has initiated numerous inquiries with USCIS directly, and through his Congressman, Don Beyer's office.

14.     Plaintiff SULTONOV has exhausted his administrative remedies. Plaintiff has supplied USCIS with documents that establish Plaintiff's eligibility for the approval of his Application.

15.     There are no further administrative remedies available for Plaintiff SULTONOV to utilize.

## FACTUAL ALLEGATIONS

16.    On January 18, 2017, Plaintiff KHABIBULLAEVA filed, and paid the required government fees for Form I-130, Petition for Alien Relative, naming her spouse, Plaintiff SULTONOV, as a beneficiary (Receipt# WAC1790178604) with USCIS.  **[EXHIBIT A].**

17.    On March 20, 2018, USCIS approved Plaintiff KHABIBULLAEVA's Form I-130, Petition for Alien Relative.

18.    In or around July 2019, Plaintiff SULTONOV appeared at a designated USCIS Application Support Center where he completed his required biometrics appointment.

19.    On April 11, 2022, Plaintiff  SULTONOV filed, and paid the required government fees for, Form I-485, Application to Register Permanent Residence or   Adjust   Status. (IOE0916111670)[1]. **[EXHIBIT B].**

20.    On July 29, 2024, Plaintiff KHABIBULLAEVA and Plaintiff SULTONOV were scheduled for their required interview. However, when they arrived at the designated USCIS Field Office, they were informed that their interview needed to be rescheduled. To date, Plaintiffs have not been rescheduled for their required interview. **[EXHIBIT B].**

21.    Plaintiff SULTONOV has made numerous inquiries over the past two years and eight months (over 32 months or 995 days) with USCIS and has requested adjudication of his Application.

22.    Plaintiffs' inquiries have not resulted in any meaningful responses from USCIS.

23.    Plaintiff SULTONOV's Application now continues to be pending with USCIS for a total time of over two years and eight months (over 32 months or 995 days).

---

[1] The pending Form I-485 is Plaintiff SULTONOV's second Form I-485, Application to Register Permanent Residence or Adjust Status.

24.    The delay in making a decision on Plaintiff SULTONOV's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

25.    In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2022 of 10.6 months for the adjudication of Form I-485. Plaintiff SULTONOV's Application has been pending for over  a total of 32 months, which is over three times the historical average processing times for Form I-485 Application, as reported by USCIS.[2]

26.    Defendants have refused to provide further explanation which would merit the need for over 32 months of processing time.

27.    Plaintiff SULTONOV has endured significant financial and emotional burdens as a result of the unreasonable period of time that his case has been pending review.

28.    Plaintiff KHABIBULLAEVA has been deprived of the right she has as a U.S. citizen to qualify her spouse to become a permanent resident of the United States.

29.    Plaintiff SULTONOV has been deprived of the opportunity to have accumulated sufficient time as a permanent resident to become a U.S. citizen.

30.    Moreover, Plaintiffs has incurred significant attorney's fees due to the Defendants' failure in adjudicating Plaintiff SULTONOV's Application within a reasonable period of time.

## COUNT I

## VIOLATION OF THE APA- FORM I-485

31.    All prior paragraphs are re-alleged as if fully stated herein.

---

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

32.     Plaintiff SULTONOV has a statutory right to apply for the adjustment of his status to a permanent resident by filing Form I-485, Application to Register Permanent Residence or Adjust Status pursuant to INA 245(a).

33.     Defendants have a duty to adjudicate Plaintiff SULTONOV's Application within a reasonable period of time under 5 U.S.C. §555(b).

34.     The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

35.     No other adequate remedy is available to Plaintiff.

36.     Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff SULTONOV to adjudicate the Application.

37.     Given the Defendants' lack of a reason for not making a decision on Plaintiff SULTONOV's Application for over a total of 32 months, Plaintiff's Application has been pending for an unreasonably long period of time.

38.     Defendants have failed in their statutory duty to adjudicate Plaintiff SULTONOV's Application within a reasonable period of time.

39.     Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff SULTONOV's Form I-485 Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff SULTONOV's case.

40.     Defendants' delay in this case is, as a matter of law, arbitrary, capricious or not otherwise in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff SULTONOV's Form I-485 Application, thereby depriving Plaintiff of the rights to which he is entitled.

41.     In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff KHABIBULLAEVA has been denied the right to petition for her spouse to become a permanent resident of the United States. Furthermore, Plaintiff SULTONOV has been unable to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen. In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to schedule Plaintiff SULTONOV for his required interview and complete the adjudication of Plaintiff's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to schedule Plaintiff SULTONOV for his required interview and complete the adjudication of Plaintiff's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  December 30, 2024

Respectfully submitted,
/s Charles J. Homiller
**Charles J. Homiller, Jr. (51012)**
**HOMILLER LAW FIRM**
**13801 Village Mill Drive, Suite 205**
**Midlothian, Virginia 23114**
**charles@homillerlawfirm.com**
**Phone:(804) 608-5228**
**Fax:(804) 299-5199**
***Counsel for Plaintiff***

8

9